UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darrell D. Prouty, | Case No. 21-cv-2606 (WMW/TNL) |
| Plaintiff, | **ORDER** |
| v. | |
| David N. Miles, Matt Dahl, Derek J. Koecher, Jeremy Wuori, Suzanne A. Swenson, Deborah K. Barron, Jessica J. Joyal, David Borchardt, and Kristi Wagner, | |
| Defendants. | |

---

Before the Court is Defendants David N. Miles, Matt Dahl, Derek J. Koecher, Jeremy Wuori, Suzanne A. Swenson, Deborah K. Barron, Jessica J. Joyal, David Borchardt, and Kristi Wagner's unopposed motion to dismiss. (Dkt. 10.) For the reasons addressed below, the Court grants Defendants' motion to dismiss and dismisses without prejudice Plaintiff Darrell D. Prouty's complaint.

## BACKGROUND

Prouty, who is civilly committed to the Minnesota Sex Offender Program (MSOP) in Moose Lake, commenced this lawsuit on December 2, 2021. Based on the mailing addresses Prouty lists for Defendants, Defendants appear to be individuals associated with MSOP in Moose Lake. Prouty alleges that Defendants violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution. Prouty, who appears to allege that these constitutional violations amount to a deprivation of his right to access the courts, asserts:

> Defendant(s) have intentionally and willfully conspired to impede and block this (P)'s right to redress illegal activity in all their performance of their duties while gainfully employed, thus with the fullest intent to commit a criminal act and with full intent to super impose against this (P)'s right to copy off all legal manufactured document's for the explicit purpose of seeking damages and remedies for harms intentionally done against this (P) and his legal rights under the U.S. constitution . . . .

To remedy these alleged violations, Prouty requests that the Court grant him "unrestricted freedom to make any type of documents . . . at all times." Prouty also seems to request that the Court prevent Defendants from using a "highly illegal document" to justify sanctioning or restricting Prouty. Prouty requests that the Court order Defendants removed from their jobs during the pendency of this lawsuit and that the Court penalize Defendants for any retaliatory actions Defendants might take against Prouty.

On February 22, 2022, Defendants moved to dismiss Prouty's complaint, arguing that the complaint is deficient for three reasons: (1) it does not meet the pleading requirements of Federal Rule of Civil Procedure 8(a) and does not plead the elements required to establish standing; (2) it fails to allege that Defendants were personally involved in unconstitutional conduct; and (3) it does not adequately plead a claim for violation of any constitutional rights, including Prouty's right to access the courts. Prouty did not respond to Defendants' motion to dismiss.

## ANALYSIS

Defendants move to dismiss Prouty's complaint for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). A plaintiff need not *prove* his case at the pleading stage. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor do the pleadings require detailed factual allegations to survive a motion to dismiss. *Id.*; *L.L. Nelson Enters., Inc. v. County of St. Louis*, 673 F.3d 799, 805 (8th Cir. 2012) (observing that "specific facts are not necessary" and pleadings "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (internal quotation marks omitted)). To survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). Factual allegations that raise merely a speculative right to relief are insufficient. *Twombly*, 550 U.S. at 555. A district court accepts as true the plaintiff's factual allegations and views them in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). Legal conclusions couched as factual allegations are not accepted as true, however. *Twombly*, 550 U.S. at 555. And mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" fail to state a claim for relief. *Id.*

Although a *pro se* plaintiff's complaint is construed liberally, the complaint nonetheless must allege sufficient facts to support the plaintiff's claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). A district court may consider the complaint, exhibits attached to the complaint, documents that are necessarily embraced by the complaint, and relevant public records without converting the motion to dismiss into one for summary judgment. *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

Prouty alleges that Defendants impeded his to access to the courts, in violation of the First, Eighth and Fourteenth Amendments. The First Amendment's freedom to petition, made applicable to the states by the Fourteenth Amendment's Due Process Clause, includes the right of access to the courts. *See BE & K Constr. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). Prison officials may open privileged mail from an inmate's attorney only in the presence of the inmate and must do so without reading the inmate's mail. *See Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974); *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). Prison officials also shall not impede an inmate from filing legal documents. *See, e.g.*, *Ex parte Hull*, 312 U.S. 546, 549 (1941). Providing incarcerated individuals access to law library facilities is another way for prison officials to comply with their obligation to "provide inmates with meaningful access to the courts." *Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (internal quotation marks omitted). But an inmate's right to access the courts does not require prisons or states to "enable the prisoner to *discover* grievances, and to *litigate effectively* once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). An inmate alleging an unconstitutional interference with his access to the courts must allege an actual injury. *Id.* at 351–52. In doing so, an inmate must demonstrate that the alleged shortcomings in the prison policy hindered the inmate's efforts to pursue a legal claim. *Id.* at 351.

Here, Prouty fails to do so. He does not sufficiently allege shortcomings of MSOP's policies that hindered his efforts to pursue his legal claim, nor does he identify an actual injury. Prouty alleges that MSOP officials engaged in "illegal tampering," "harassing enforcement," "sanctions," and "severe restriction[s]." But Prouty does not specify the

4

conduct to which he objects, address how that conduct is unconstitutional, or describe what injury he suffered as a result of the conduct. Because Prouty's complaint does not allege sufficient facts to state a facially plausible claim to relief against Defendants, the complaint must be dismissed.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss, (Dkt. 10), is **GRANTED**.

2. Plaintiff Darrell D. Prouty's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 1, 2022                               s/Wilhelmina M. Wright
                                                    Wilhelmina M. Wright
                                                    United States District Judge